UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RANDOLPH ROBINSON,

                                        Plaintiff,

                    -against-

DELTA BALANETRE, Superintendent; RONDA
MURRAY, Nurse Administrator,

                                        Defendants.

**MEMORANDUM**
**OPINION AND ORDER**

21-CV-02071 (PMH)

PHILIP M. HALPERN, United States District Judge:

Randolph Robinson ("Plaintiff"), currently incarcerated at Otisville Correctional Facility ("Otisville"), proceeding *pro se* and *in forma pauperis*, asserts claims against Otisville Superintendent Delta Balanetre ("Balanetre") and Nurse Administrator Ronda Murray ("Murray," and together, "Defendants") under 42 U.S.C. § 1983 for violations of the Eighth Amendment. Specifically, Plaintiff alleges that he contracted COVID-19 at Otisville because correctional staff failed to adhere to safety protocols, and individuals entering the facility were not quarantined. (*See* Doc. 2, "Compl.").

On July 9, 2021, Defendants filed a pre-motion letter in accordance with the Court's Individual Practices in anticipation of a motion to dismiss. (Doc. 14). The letter indicates that Defendants had previously served Plaintiff with a deficiency letter setting forth the bases for the anticipated motion, and that Plaintiff had not responded. (*Id*. at 1). Defendants' pre-motion letter further indicates that it was served on Plaintiff via mail. (*Id*. at 5). Plaintiff did not file any response thereto. Accordingly, the Court set a briefing schedule for Defendants' motion. (Doc. 15). The docket indicates that a copy of the Court's Order was mailed to Plaintiff. (July 21, 2021 Entry). On September 7, 2021, Defendants filed a motion to dismiss. (Doc. 16). On September 8, 2021, the Court issued an Order denying the motion without prejudice to re-filing in compliance

with the Court's Individual Practices and the Local Civil Rules of the Southern District of New York, in particular Local Civil Rules 7.1(a)(1) and (a)(3). (Doc. 17 (citing *Whitley v. Bowden*, No. 17-CV-03564, Doc. 116 at 3-4; *Multiwave Sensor Inc. v. Sunsight Instr., LLC*, No. 16-CV-01361, 2017 WL 1498058, at *2 n.1 (S.D.N.Y. Apr. 26, 2017))). That Order also set a new briefing schedule in the event Defendants elected to re-file. (*Id*.). The docket indicates that a copy of the September 8th Order was also mailed to Plaintiff. (Sept. 9, 2021 Entry).

Defendants re-filed their motion to dismiss on September 9, 2021, in accordance with the Court's September 8th Order. (Doc. 18). Plaintiff's opposition was due on November 8, 2021. (Doc. 17). Plaintiff did not file opposition papers. Defendants requested, on January 19, 2022, that their motion be deemed fully submitted for decision without opposition. (Doc. 19). The letter indicates that it was mailed to Plaintiff. (*Id*.). On January 19, 2022, the Court issued an Order denying Defendants' request to deem the motion fully submitted, *sua sponte* extending Plaintiff's time to oppose the motion to February 18, 2022, and warning Plaintiff that no further extensions would be granted. (Doc. 20). The January 19th Order further cautioned that if Plaintiff failed to file an opposition by February 18, 2022, the motion would be deemed fully submitted and unopposed. (*Id*.). The docket indicates that a copy of the Court's January 19th Order was mailed to Plaintiff. (Jan. 20, 2022 Entry). Plaintiff has not, as of the date of this Memorandum Opinion and Order, filed any opposition papers. Accordingly, the motion is deemed fully submitted and ripe for adjudication.

For the reasons set forth below, Defendants' motion to dismiss is GRANTED.

## **BACKGROUND**

Plaintiff's factual allegations are set forth over one-and-a-half pages in the Complaint. (Compl. at 6-7).[1] Plaintiff alleges that the New York State Department of Corrections and Community Supervision ("DOCCS") was responsible for ensuring the health and safety of incarcerated individuals and employees, and that DOCCS failed to swiftly implement measures to stop the spread of COVID-19. (*Id*. at 6). Plaintiff states that "[n]one of the measures taken served any meaningful life preventive nature when staff infections was [sic] prominent." (*Id*.). Plaintiff alleges that the measures taken by DOCCS at Otisville—i.e., social distancing, requiring hand-cleaning and the use of hand sanitizer, avoiding "high touch surfaces," recommending the use of tissues or sleeves to cover hands, etc.—were deficient because correctional staff failed to adhere to safety protocols and individuals entering the facility were not quarantined. (*Id*.). Consequently, Plaintiff alleges that the incarcerated population was put at risk and he contracted the virus. (*Id*.).

Plaintiff experienced a fever, headaches, loss of appetite and loss of taste, and became weak and tired. (*Id*.). He contends that his "life was in jeopardy and caused [him] severe pain and suffering" from "all the noted symptoms of an infected party of COVID-19." (*Id*.). He alleges that his Eighth Amendment right to be free from cruel and unusual punishment was violated in that: (1) Murray, as Nurse Administrator, failed to enact sufficient methods for virus control; and (2) Balanetre, as Superintendent, "enforced" Murray's decision, was responsible for "who the essential workers were," and failed to quarantine the staff. (*Id*. at 7). Plaintiff seeks $1.8 million in damages. (*Id*.).

---

[1] Citations to the Complaint correspond to the pagination generated by ECF.

**STANDARD OF REVIEW**

A Rule 12(b)(6) motion enables a court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. (quoting *Twombly*, 550 U.S. at 556). The factual allegations pled "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the Court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

A complaint submitted by a *pro se* plaintiff, "however inartfully ple[d] must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Estelle v. Gamble*, 429

U.S. 97, 106 (1976) (internal quotation marks omitted). Because *pro se* plaintiffs "'are often unfamiliar with the formalities of pleading requirements,' courts must 'apply a more flexible standard in determining the sufficiency of a *pro se* [complaint] than they would in reviewing a pleading submitted by counsel.'" *Smith v. U.S. Dep't of Just.*, 218 F. Supp. 2d 357, 361 (W.D.N.Y. 2002) (quoting *Platsky v. Cent. Intell. Agency*, 953 F.2d 26, 28 (2d Cir. 1991)). However, while "[p]ro se* complaints are held to less stringent standards than those drafted by lawyers, even following *Twombly* and *Iqbal*," dismissal is "appropriate where a plaintiff has clearly failed to meet minimum pleading requirements." *Thomas v. Westchester Cty.*, No. 12-CV-06718, 2013 WL 3357171, at *2 (S.D.N.Y. July 3, 2013) (internal citations omitted); *see also Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) ("Even in a *pro se* case . . . although a court must accept as true all of the allegations contained in a complaint, that tenet is inapplicable to legal conclusions, and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." (internal quotation marks omitted)). Therefore, while the Court must "draw the most favorable inferences that [a plaintiff's] complaint supports, [it] cannot invent factual allegations that [a plaintiff] has not pled." *Chappius*, 618 F.3d at 170. The Court does, however, have a duty to interpret "the pleadings of a *pro se* plaintiff liberally and interpret them 'to raise the strongest arguments that they suggest.'" *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994)).

Moreover, when deciding an unopposed motion to dismiss (as is the case here with respect to Defendants' motion), "the Court is to 'assume the truth of a pleading's factual allegations and test only its legal sufficiency. Thus, although a party is to be given a reasonable opportunity to respond to an opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge

of the law.'" *Law v. Corizon Med. Servs.*, No. 13-CV-05286, 2014 WL 2111675, at *3 (S.D.N.Y. May 12, 2014) (quoting *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000)). It is, therefore, appropriate for the Court to test the sufficiency of the Complaint even without the benefit of formal opposition to the motion.

## ANALYSIS

### I.   Eleventh Amendment Immunity

Defendants argue that to the extent Plaintiff has asserted claims against them in their official capacities, those claims are barred by sovereign immunity. Whether this immunity argument is properly brought under Rule 12(b)(1) or 12(b)(6) is an unsettled question of law in this Circuit. *Ripa v. Stony Brook Univ.*, 808 F. App'x 50, 51 n.1 (2d Cir. 2020) ("Whether Eleventh Amendment immunity 'constitutes a true issue of subject matter jurisdiction or is more appropriately viewed as an affirmative defense' has not yet been decided by the Supreme Court or [the Second Circuit]." (quoting *Carver v. Nassau Cty. Interim Fin. Auth.*, 730 F.3d 150, 156 (2d Cir. 2013))). Although Defendants do not reference Rule 12(b)(1) as a ground for their motion to dismiss,[2] the "distinction has no practical effect" in this case because whether brought under either subdivision, the Court considers on this motion "only the pleadings and the relevant state and federal law and has drawn all inferences in Plaintiff's favor." *Harrison v. New York*, 95 F. Supp. 3d 293, 313 (E.D.N.Y. 2015) (quoting *Tiraco v. N.Y. State Bd. of Elections*, 963 F. Supp. 2d 184, 191 n.6 (E.D.N.Y. 2013)).

---

[2] Defendants, in the notice of motion, invoke Rule 12(b) as the grounds for dismissal but fail to identify which subdivision(s) are appropriate. (Doc. 18 at 1). The Court notes that Local Civil Rule 7.1(a)(1) requires that a notice of motion "specify the applicable rules or statutes pursuant to which the motion is brought." Nevertheless, the Court construes the motion as made under Rule 12(b)(6) because Defendants' memorandum of law in support makes clear that the motion seeks to dismiss the Complaint for failure to state a claim upon which relief can be granted. (*See, e.g.,* Doc. 18 at 9, 12).

Insofar as Plaintiff seeks relief under 42 U.S.C. § 1983, the Eleventh Amendment directs that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. This language bars suits, even those arising under federal law, against a state, or against a state employee acting in his official capacity, by one of its own citizens. *Woods v. Rondout Valley Centr. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006) (citing *Hans v. Louisiana*, 134 U.S. 1, 15 (1890)); *see also Will v. Mich. Dept. of State Police*, 491 U.S. 58, 71 (1989) ("A suit against a state official in his or her official capacity is not a suit against the official, but rather is a suit against the official's office . . . . As such, it is no different from a suit against the State itself.").

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity when acting pursuant to its authority under Section 5 of the Fourteenth Amendment." *Nelkenbaum v. Jordy*, No. 19-CV-07953, 2020 WL 7630354, at *2 (S.D.N.Y. Dec. 22, 2020) (quoting *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009) (alteration in original)). To that point, it is well-settled that "New York has not waived its sovereign immunity in § 1983 lawsuits, nor has Congress abrogated the State's immunity." *Phillips v. New York*, No. 13-CV-00927, 2013 WL 5703629, at *3 (N.D.N.Y. Oct. 17, 2013) (citing *Vincent v. Yelich*, 718 F.3d 157, 177 (2d Cir. 2013)); *see also Keitt v. New York City*, 882 F. Supp. 2d 412, 424 (S.D.N.Y. 2011) ("Magistrate Judge Freeman properly concluded that Keitt's Section 1983, 1985, and 1986 claims against the State of New York and its agencies are barred by the [Eleventh] Amendment."). Consequently, Plaintiff's claims are dismissed to the extent they seek relief against Defendants in their official capacities.

II.   Rule 12(b)(6): Failure to State a Claim Under § 1983

Plaintiff's Eighth Amendment claim is brought under 42 U.S.C. § 1983. That section provides, in pertinent part, that "[e]very person who, under color of any statute . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured . . . ." 42 U.S.C. § 1983. "[T]his language . . . creates a mechanism by which individuals can vindicate the violation of rights secured elsewhere." *Linares v. Annucci*, No. 19-CV-11120, 2021 WL 2689736, at *6 (S.D.N.Y. June 30, 2021) (quoting *Santucci v. Levine*, No. 17-CV-10204, 2021 WL 76337, at *3 (S.D.N.Y. Jan. 8, 2021) (first alteration in original)).

The Eighth Amendment instructs that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted," U.S. Const. amend. VIII, and the Supreme Court has explained that the Eighth Amendment requires that prison officials "provide humane conditions of confinement," which include making sure "that inmates receive adequate food, clothing, shelter, and medical care . . . ." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). Accordingly, prison officials must, *inter alia*, "take reasonable measures to guarantee the safety of inmates in their custody." *Rennalls v. Alfredo*, No. 12-CV-5300, 2015 WL 5730332, at *3 (S.D.N.Y. Sept. 30, 2015) (quoting *Hayes v. New York City Dep't of Corr.*, 84 F.3d 614, 620 (2d Cir. 1996)); *see also Rembert v. Cheverko*, No. 12-CV-9196, 2014 WL 3384629, at *5 (S.D.N.Y. July 10, 2014) (quoting *Farmer*, 511 U.S. at 832-33; *Randle v. Alexander*, 960 F. Supp. 2d 457, 471 (S.D.N.Y. 2013).

For Plaintiff to state a claim against Defendants for failing to protect him from COVID-19, he must plead facts supporting two separate prongs to show that they acted with "deliberate indifference." *Edwards v. Black*, No. 20-1677, 2021 WL 1748478, at *1 (2d Cir. May 4, 2021).

The first prong, the "objective prong," requires facts establishing that Plaintiff was "incarcerated under conditions posing a substantial risk of serious harm." *Morgan v. Dzurenda*, 956 F.3d 84, 89 (2d Cir. 2020) (internal quotation marks omitted). The second prong, the "subjective prong," requires action "with a sufficiently culpable state of mind." *Morgan*, 956 F.3d at 89 (internal quotation marks omitted). "[A] prison official has sufficient culpable intent if he has knowledge that an inmate faces a substantial risk of serious harm and he disregards that risk by failing to take reasonable measures to abate the harm." *Rennalls*, 2015 WL 5730332, at *3 (internal quotation marks omitted).

"[C]orrectional officials have an affirmative obligation to protect inmates from infectious disease." *Jolly v. Coughlin*, 76 F.3d 468, 477 (2d Cir. 1996). Courts have found that inmates may face a substantial risk of serious harm absent adequate measures to counter the spread of COVID-19, as "[i]t is undisputed—and, indeed, by now common knowledge—that COVID-19 is a highly dangerous disease that poses a significant risk of severe illness and death." *Houston v. Capra*, No. 20-CV-02135, 2022 WL 748260, at *8 (S.D.N.Y. Mar. 11, 2022); *see also Petitpas v. Griffin*, No. 20-CV-00769, 2020 WL 6826723, at *6 (D. Conn. Nov. 21, 2020); *Chunn v. Edge*, 465 F. Supp. 3d 168, 200 (E.D.N.Y. 2020) (citing cases).

Plaintiff has not alleged that his exposure to COVID-19 resulted from Defendants' "deliberate indifference." *Edwards*, 2021 WL 1748478, at *1. Plaintiff does not allege how, when, where, or for how long he was exposed to the challenged circumstances. The allegations set forth in the Complaint do not plausibly suggest that Plaintiff was confined in an environment that posed a substantial risk of transmission of COVID-19, or that Defendants ignored that risk. To the contrary, Plaintiff alleges that DOCCS implemented measures such as social distancing, required hand-cleaning, the use of hand sanitizer, and cleaning surfaces frequently, and

recommended avoiding "high touch surfaces" and touching the face, nose, and eyes, and the use of tissues or sleeves to cover hands. (Compl. at 6). Presently pled, the allegations in the Complaint do not plausibly suggest that Plaintiff was at substantial risk of serious harm. *Morgan v. Parmiter*, No. 22-CV-00147, 2022 WL 913188, at *3-4 (N.D.N.Y. Mar. 29, 2022); *Chunn*, 465 F. Supp. 3d at 200 ("[W]hether a particular danger poses a substantial risk of serious harm in a prison must be evaluated in light of the steps that the facility has already taken to mitigate the danger.").

Even if Plaintiff were able to satisfy the objective prong, he fails to satisfy the subjective prong. Plaintiff has not adequately alleged that Defendants intentionally or recklessly failed to act with reasonable care to mitigate the risk that the alleged conditions posed to Plaintiff. Plaintiff suggests that countermeasures taken at Otisville were rendered useless because individuals entering the facility (either staff or contractors, or both) were not quarantined, and that those individuals brought the virus to Otisville, which he then contracted. (Compl. at 6-7). Even assuming Defendants' response to COVID-19 was imperfect, or negligent, it is not enough to support a finding of deliberate indifference. *Parmiter*, 2022 WL 913188, at *4 (citing *Pike v. Cerliano*, No. 20-CV-0619, 2021 WL 3704377, at *3 (E.D. Tex. Aug. 3, 2021), *adopted by* 2021 WL 3700252 (E.D. Tex. Aug. 19, 2021)).

Moreover, as a fundamental prerequisite "[t]o establish[ing] a § 1983 claim, a plaintiff must show the defendants' personal involvement in the alleged constitutional violation." *Boley v. Durets*, 687 F. App'x 40, 41 (2d Cir. 2017) (citing *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)). Failing to allege that a defendant was personally involved in, or responsible for, the conduct complained of renders a complaint "fatally defective on its face." *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir. 1987) (internal quotation marks omitted). Simply being a

supervisor is not enough to impute personal involvement onto a defendant; liability exists only where the "defendant, through the official's own individual actions, has violated the Constitution." *Tangreti v. Bachmann*, 983 F.3d 609, 618 (2d Cir. 2020) (quoting *Iqbal*, 556 U.S. at 676).

While Plaintiff claims that many of the policies that were implemented to combat the COVID-19 pandemic were inadequate, he fails to allege the role either Defendant had beyond their positions as supervisors. (Compl. at 6-7). Defendants' supervisory positions are not sufficient, without more, to show that they were or should have been aware of the conditions of which Plaintiff complains. *Gil-Cabrera v. Dep't of Corr.*, No. 20-CV-09493, 2021 WL 5282620, at *4 (S.D.N.Y. Sept. 27, 2021) (dismissing § 1983 claims against prison supervisors alleging deliberate indifference to serious risk of contracting COVID-19 when complaint lacked facts about how supervisory officials were personally involved in alleged violations), *adopted by* 2021 WL 5910055 (S.D.N.Y. Dec. 14, 2021); *Gibson v. State of New York*, No. 21-CV-04251, 2021 WL 4267683 (S.D.N.Y. Sept. 20, 2021) (same); *Rose v. City of New York Dep't of Corr.*, No. 21-CV-03164, 2021 WL 3271830, at *2 (S.D.N.Y. July 30, 2021) (same).

The Complaint is silent as to whether Defendants individually made any meaningful efforts to "forestall or prevent" any implied constitutional violations by unspecified individuals coming to Otisville with COVID-19. *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 127 (2d Cir. 2004). The Complaint is likewise silent about whether and how "more or better supervision" would have protected Plaintiff from any constitutional violations by unspecified Otisville staff. (*Id.*) It follows, then, that Plaintiff's Eighth Amendment claim is dismissed.

**CONCLUSION**

The Court GRANTS Defendants' motion to dismiss without prejudice. Plaintiff may file an Amended Complaint within thirty days from the date of this Order to address only the pleading deficiencies identified herein and for no other purpose. Failure to file an Amended Complaint within thirty days will result in dismissal of this action without further notice. Plaintiff is reminded that if he chooses to file an Amended Complaint, it will completely replace, not supplement, the original complaint. Therefore, any facts or claims that Plaintiff wishes to maintain must be included in the Amended Complaint.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Memorandum Opinion and Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of the Court is respectfully directed to terminate the motion pending at Doc. 18 and to mail a copy of this Memorandum Opinion and Order to Plaintiff.

Dated:  White Plains, New York
        April 20, 2022

                                        SO ORDERED:

                                        _____
                                        Philip M. Halpern
                                        United States District Judge